UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN ROBERTSON,

    Petitioner,

v.                              Case No. 5:12cv335/MP/CJK

UNITED STATES PAROLE COMMISSION,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 and accompanying memorandum. (Docs. 1 & 2).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition for writ of habeas corpus should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Eastern District of California ("Eastern District"), Case Number CR-F-85-112-REC.  (Doc. 9-1).  Petitioner was sentenced by the Eastern District on July 21, 1986.  (Doc. 9-1, p. 2).  Petitioner pled guilty to conspiracy to defraud the United States and receiving stolen government property, and received fifteen years

in prison. (Doc. 9-1). Petitioner committed these offenses while incarcerated serving a life sentence imposed by the State of Texas. Petitioner received a Texas parole on February 23, 2010. (Doc. 9-1). At that time, petitioner was transferred into federal custody and his federal sentence began to run pursuant to 18 U.S.C. § 4205(a). (Doc. 9-1, p.2). On March 27, 2012, petitioner applied for parole and in a decision dated July 27, 2012, the United States Parole Commission ("Parole Commission") determined petitioner was eligible for parole on February 22, 2015. (Doc. 9-1, pp. 10-12). Petitioner's argument, as discerned from the pleadings, is that the Bureau of Prisons ("BOP") must grant his parole within the suggested guideline range of twenty-four to thirty-two months, instead of its assessed parole date of one-third of his sentence (sixty months). Petitioner further contends that his eligibility for parole within the guideline range was communicated to him during the plea negotiations and affirmed on the sentencing record by the United States District Judge presiding over the federal criminal case. (Doc. 1, pp. 3-5). As relief, petitioner requests this court grant his petition for writ of habeas corpus, direct the "preparation of the sentencing transcript" if necessary, and order petitioner's parole from prison. (Doc. 1, p. 4).

DISCUSSION

As an initial matter, "[a]fter a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." *U.S. v. Watson*, 503, U.S. 329, 335 (1992). "[P]arole remains an act of discretion within the authority of the Parole Commission and the Commission may follow its guidelines, disregard them or change them." *Tobon v. Martin*, 809 F.2d 1544, 1545 (11th Cir. 1987). Originally, under 18 U.S.C. § 4205(a), a federal prisoner was "eligible for release on parole after serving one-third of such term or terms . . . ." Petitioner claims that 18 U.S.C. § 4205 is not applicable to his

situation, and instead, § 235(b)(3) of the Sentencing Reform Act ("SRA") applies. (Doc. 2, p. 3). Under § 235(b)(3), "[t]he United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline." *Valladares v. Keohane*, 871 F.2d 1560, 1562 (11th Cir. 1989) (quoting § 235(b)(3)). Petitioner also argues that the court should follow the Third Circuit's decision in *Lyons v. Mendez*, 303 F.3d 285 (3d Cir. 2002). Petitioner claims that *Lyons* mandates a finding that petitioner is eligible for release within the guideline range of twenty-four to thirty-two months, instead of the Parole Commission's assessed sixty month parole requirement.

Despite petitioner's claims, "the congressional purpose in enacting section 235(b)(3) was not to displace the manner in which the Commission determined parole eligibility dates; rather, in enacting the section, Congress intended solely to establish a 'winding up' provision designed to ensure that every inmate serving a pre-Sentence Reform Act sentence would have a parole date set before the dissolution of the Parole Commission in 1992." *Coleman v. Honsted*, 908 F.2d 906, 908 (11th Cir. 1990). Petitioner was sentenced in the Eastern District on July 21, 1986. On that date, petitioner's parole eligibility was determined. *See Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 658 (1974) ("[A] pragmatic view of sentencing requires the conclusion that parole eligibility under 18 U.S.C. § 4202 is . . . determined at the time of sentence."); *see also Valladares*, 871 F.2d at 1563. In *Valladares*, the Eleventh Circuit determined that the SRA "took effect" on November 1, 1987. 871 F.2d at 1561 ("The courts in *Lightsey v. Kastner*, 846 F.2d 329, 331-32 (5th Cir. 1988) and *Ramano* [*v. Luther*, 816 F.2d 823 (2d Cir. 1987)], held, and the parties here agree,

that the SRA took effect on November 1, 1987."). Because petitioner was sentenced prior to the date the SRA took effect and under 18 U.S.C. § 4205(a), the SRA is not applicable to petitioner's date of parole. *See Id*. ("Congress did not intend the SRA to affect parole guidelines determined by Section 4205(a)."); *see also* U.S. *v. Burgess*, 858 F.2d 1512, 1514 (11th Cir. 1988) (holding that the SRA did not apply to defendant's parole date for crimes convicted of prior to November 1, 1987).

As to the Third Circuit's decision in *Lyons v. Mendez*, *ante*, the Eleventh Circuit's previous opinions make clear that petitioner is not eligible for the relief he seeks.[1] *See Coleman*, 908 F.2d at 908; *see also Burgess*, 858 F.2d at 1514. Finally, in his reply, petitioner argues that "[e]ither the Commission was erroneous in its outside-the-guideline range setting of Petitioner's parole date, or the Petitioner's guilty plea was not knowingly and voluntarily made based upon the sentencing court's, government's and defnse [sic] counsel's admonishments to Petitioner that he would serve 24-32 months before being paroled . . . ." (Doc. 11, p. 4). Given the previous conclusion that the Commission did not err in its determination of petitioner's parole date, the undersigned construes petitioner's argument in the reply as one attacking the validity of his plea. As stressed above, "parole remains an act of discretion within the authority of the Parole Commission and the Commission may follow its guidelines, disregard them or change them." *Tobon*, 809 F.2d at 1545. Petitioner seems to be faulting the Eastern District and his counsel for the Parole Commission's independent parole determination. Even if petitioner's recommended guideline range were twenty-four to thirty-two months, and the Eastern District and

---

[1] The government also discusses, persuasively, several other reasons why the *Lyons* decision is not applicable to the instant case. Given the Eleventh Circuit's decisions, clearly prohibiting petitioner's requested relief, the court will not discuss such arguments.

defense counsel believed defendant should be paroled after such time, such a determination is solely in the jurisdiction of the Parole Commission.

Assuming that petitioner wants to challenge his plea twenty six years after the fact, that claim will fail. The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[2] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. Section 2255 authorizes the filing of a motion to vacate, set aside, or correct a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (*en banc*), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). The Eleventh Circuit originally advocated a three-part test for use to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause, *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), but later classified the *Wofford* test as dicta.[3] *Turner*, 709 F.3d at 1333. Instead, the Eleventh Circuit determined that the actual holding of *Wofford* was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings," *Gilbert*, 640 F.3d at 1319, and further clarified that *Wofford* required a petitioner to satisfy two conditions in order to bring a claim

---

[3] The *Wofford* test requires a petitioner to show: "(1) that [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met. "[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id.* at 1245.

under the savings clause: "[f]irst, the claim must be based upon a retroactively applicable Supreme Court decision . . . . [S]econd . . . the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *see also Johnson v. Warden*, No. 13-10741, 2013 WL 6850483, at *1 (11th Cir. Dec. 31, 2013) ("We have since interpreted *Wofford's* holding to impose two necessary, but not sufficient, steps to qualify under the savings clause: (1) the prisoner must present a retroactively applicable Supreme Court decision; and (2) that decision must have overturned circuit precedent that resolved his claim in a way that prevented him from bringing it at trial, on appeal, or in his first § 2255 motion.").

Although captioned as a § 2241 petition, petitioner is, in this instance, challenging the validity of his plea, and, therefore, his conviction and sentence, not the execution of his sentence. All of petitioner's claims are direct appeal or § 2255 claims that could have been raised in an earlier proceeding. *See Antonelli*, 542 F.3d at 1351-52 ("[A] prisoner may not avoid [the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."). Petitioner does not explain why a motion to vacate under § 2255 would be inadequate or ineffective for his claims or provide evidence that he ever filed a § 2255 motion. At this time, petitioner is procedurally barred from bringing such claims under a § 2255 motion. *See Wofford*, 177 F.3d at 1242 ("'[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . .'" (alterations in original)). Moreover, petitioner has not demonstrated

any of the requisite factors entitling him to proceed under the savings clause. *See Williams*, 713 F.3d at 1343; *Wofford*, 177 F.3d at 1244. As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, he cannot bring his claims by § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED WITH PREJUDICE.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 5th day of May, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).